**Mohan SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70605.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 26, 2004.

---

Madan Ahluwalia, Esq., Ahluwalia Law Office, San Mateo, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Carl H. McIntyre, Jr., John L. Davis, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA and GOULD, Circuit Judges.

MEMORANDUM **

Mohan Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the immigration judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Substantial evidence supports the IJ's adverse credibility finding because the IJ identified a material inconsistency between Singh's application and testimony that goes to the heart of his asylum claim. *See de Leon–Barrios v. INS*, 116 F.3d 391, 393–94 (9th Cir.1997). In his application, Singh stated that the police released him after they accepted his claim that he was not a militant, but in his testimony, Singh stated that the police, upon releasing him, said he was a militant. The IJ could properly view this discrepancy, among others, as an attempt by Singh to enhance his claimed fear of persecution. *Cf. Wang v. Ashcroft*, 341 F.3d 1015, 1022 (9th Cir. 2003).

Because Singh failed to establish eligibility for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

The IJ properly denied relief under CAT because Singh failed to demonstrate that it is more likely than not that he will be tortured if removed to India. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**